**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:07CR148-DJS |
| | ) | |
| **CHARLTON WATSON,** | ) | |
| | ) | |
| Defendant. | ) | |

<u>**ORDER**</u>

On November 2, 2007, defendant Charlton Watson pled guilty before this Court to charges of possession with intent to distribute cocaine base and of being a felon in possession of a firearm. On March 7, 2008, the Court sentenced Watson to concurrent terms of 216 months' imprisonment on the drug count and 120 months' imprisonment on the firearm count. In so doing, the Court granted defendant's motion for a downward variance from the Sentencing Guidelines' imprisonment range of 262 to 327 months. Now before the Court is Watson's motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2), predicated on the retroactive amendments to the Guidelines provisions governing cocaine base offenses, which became effective May 1, 2008.

At sentencing, defendant did not object to his classification as a career offender under §4B1.1 of the Guidelines, which determination yielded the advisory imprisonment range from

which the Court varied.  As the Eighth Circuit has repeatedly held, the retroactive Amendment 706 reduced the base offense levels in §2D1.1(c) based on the quantity of cocaine base, but "did not lower the sentencing range for career offenders under USSG §4B1.1." United States v. Tingle, 524 F.3d 839, 840 (8th Cir. 2008).  See also United States v. Thomas, 524 F.3d 889, 890 (8th Cir. 2008); United States v. Embry, 277 Fed.Appx. 641, 642 (8th Cir. 2008).  As a result, Watson "was not sentenced based on a sentencing range that has since been lowered [and] has not met the eligibility requirements for a reduction of his sentence under §3582(c)(2)." Tingle, 524 F.3d at 840.

In sentencing defendant, the Court applied the Guidelines as advisory, exercising its discretion and authority to vary from the Guidelines to impose a reasonable and appropriate sentence, and varied from the Guidelines in part to address the dramatic disparity between the Guidelines' treatment of powder cocaine and cocaine base.  See Sentencing Transcript [Doc. #45], p.7.  Section 3582(c)(2) does not authorize a reduction in defendant's sentence as a career offender, and the Court is, in any event, not persuaded that the sentence should be reduced any further than it was by the variance previously made.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) [Doc. #52] is denied.

Dated this <u>  27th  </u> day of April, 2009.

                                             <u> /s/ Donald J. Stohr            </u>
                                             UNITED STATES DISTRICT JUDGE